**Edward FIELDS, Plaintiff,**

v.

**The NATIONAL REPUBLIC BANK OF CHICAGO, Defendant.**

No. 82 C 553.

United States District Court,
N. D. Illinois, E. D.

July 21, 1982.

William Wigoda, Wigoda & Wigoda, Chicago, Ill., for plaintiff.

David Kugler, Kugler, DeLeo & D'Arco, William J. Harte, Chicago, Ill., for defendant.

MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Edward Fields ("Fields") sues The National Republic Bank of Chicago ("Bank") under the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. §§ 1961–68 (all citations to Title 18 in this opinion will read simply "Section—"). For the reasons stated in this memorandum opinion and order, Bank's motion to dismiss the Amended Complaint (the "Complaint") for lack of jurisdiction over the subject matter is granted.

### Facts [1]

In June 1978 Fields, the owner of the beneficial interest in land trusts holding title to several parcels of Chicago real estate, assigned the beneficial interests to the Bank as security for a $250,000 note. When Fields later paid the note in full, Bank had the duty to reassign the beneficial interests but did not do so.

In November 1979 Fields borrowed the same amount "without security required or tendered." Nonetheless the note he signed recited security of "A/B/I." [2] At some unspecified later date the note was re-presented to Fields, with the interest rate changed from 10½% to 18% without his knowledge or consent.

In June 1980 Bank presented to Fields a $6,500 promissory note dated May 18, 1979. As to that note Fields has alternative theories. One is that he never received the money and his signature on the note was a forgery. Alternatively, if the note were not a forgery he says its interest rate was also fraudulently increased from 10½% to 18%.

Fields relied on Bank's representations and paid interest on both the May 1979 and the November 1979 notes at the 18% rate. Fields has been damaged by the excessive payment of interest and the non-reassignment of the beneficial interests.

To invoke RICO Fields claims that Bank used the mail for three June 13, 1980 letters in furtherance of its scheme to defraud Fields. Its activities in charging the higher interest rates, in forging the $6,500 note and in refusing to reassign the beneficial interests are said to be "fraudulent activities, corrupt activities and racketeering activities" under the RICO sections.

### Nonapplicability of RICO

Fields has a perfectly good state law cause of action.[3] But like the myth of the lemming drawn to the sea, he follows the unfortunately all-too-prevalent trend of seeking to reshape the claim into one that can be wrapped in the RICO mantle.

There are a number of respects in which that effort is fatally flawed, but it is only necessary to discuss one to dispose of the present motion. This Court need not plow old furrows for that purpose, for its analysis in *Parnes v. Heinold Commodities, Inc.,* 539 F.Supp. 199 (N.D. Ill. 1982) [4] demonstrates why Fields cannot succeed here. Consistently with, but without repeating, the *Parnes* analysis, the Court determines that under the Complaint:

(1) If *Bank* is considered the "enterprise" for Section 1962(c) purposes, Fields has failed to identify any "person" employed with or associated with that "enterprise" in participating "in the conduct of [Bank] affairs through a pattern of racketeering activity or collection of unlawful debt." That failure in turn causes Fields' RICO claim to fail entirely.[5]

---

1. All well-pleaded allegations of the Complaint are of course taken as true.

2. This is the regularly-used and well-known abbreviation for "assignment of beneficial interest" in real estate land trust transactions.

3. This statement does not imply anything as to the validity of Fields' allegations. It is rather predicated on the same assumption as reflected in n. 1.

4. Fields has relied heavily on Judge Bua's earlier opinion in *Parnes,* 487 F.Supp. 645 (N.D. Ill. 1980) (at the time of briefing the current motion this Court's later opinion had not been published). For the reasons stated in this Court's later opinion the Court disagrees with the conclusion reached by Judge Bua.

5. It should be remembered that simply identifying such a "person" is not enough. Once that is done the sense of the RICO statute is that such "person," and not the infiltrated "enterprise," is the party liable to the plaintiff claiming to have been injured. This conclusion is not altered by the very recent decision in *United States v. Hartley,* 678 F.2d 961 (11th Cir. 1982) holding an "enterprise" subject to prosecution under RICO under criminal conspiracy and corporate-veil-piercing doctrines. That decision, even if followed in our Circuit, would not necessarily extend to civil actions (although the analysis is not perfect, it may be noted for example that an alleged conspiracy between a corporation and its own employees has been held not to ground a civil antitrust conspiracy action).

(2) If *Fields* is viewed as the "enterprise" for Section 1962(c) purposes, Bank might be considered as the "person" that so participated in the conduct of Fields' affairs. But there is no allegation that the Fields "enterprise" (if any) was engaged in, or that its activities affected, interstate commerce.[6] Again the RICO claim must fail.

As in *Parnes*, analysis confirms the illegitimacy of trying to force a common law fraud claim into the RICO mold. Because there is no other predicate for federal jurisdiction over Fields' claim, dismissal of the Complaint must occasion dismissal of this action as well.

### Conclusion

This Court lacks subject matter jurisdiction over the Complaint and Fields' action. Accordingly this action is dismissed for want of such jurisdiction.

---

6. Under the Complaint's allegations all the real estate is in Chicago, Fields resides in Chicago and all the transactions occurred in Chicago. Thus even if Fields' real estate activities could constitute an "enterprise," under the Complaint it would be wholly intrastate. Indeed even viewing Bank as the "enterprise" would appear to pose the same problem, for the Complaint asserts Bank's principal place of business and operations are in Chicago, where it engages in banking and financial transactions, including lending.