Clarence E. BENNETT, et al.,
Appellants,

v.

Kenneth BERG, et al., Appellees.

Dan R. SANDFORD, Jr., et al., Appellants,

v.

Kenneth BERG, et al., Appellees.

No. 81–1418.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 13, 1983.

Decided July 11, 1983.

---

Robert Plotkin, Robert P. Schuwerk, Plotkin & Jacobs, Ltd., Chicago, Ill., Jim Tom Reid, Shockley, Reid & Koger, Kansas City, Mo., for appellants.

James M. Beck, Steven M. Leigh, Johnson, Lucas, Bush, Snapp & Burgess, Kansas City, Mo., for John Knox Village.

Baker & Botts, James G. Ulmer, Randall A. Hopkins, Donna C. Kline, Robert E. Goodman, Jr., Houston, Tex., Swanson, Midgley, Gangwere, Clarke & Kitchin, James H. McLarney, Kansas City, Mo., for the Prudential Ins. Com. of America, appellee.

John H. Altergott, Jr., Suzanne K. Loseke, Shughart, Thomson & Kilroy, P.C., Kansas City, Mo., for appellee G. Dennis Sullivan.

James Borthwick, Shirley W. Keeler, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, Mo., for Snyder, Grant & Muehling.

Albert Thomson, Linde, Thomson, Fairchild, Langworthy, Kohn & Van Dyke, Kansas City, Mo., for appellees Kenneth Berg, Jeanne Berg, Christian Services Intern., Inc., Evangelical Christian Social Services, Inc., Lee Felsburg, Nat. Village Church Center, Lottie Jones, Irma Waddell, Elson Herndon, Floyd Sauer, Chris Coates, Glenn Smead, Maude Walker, Paul Edwards, Harvey Arbonies, and Mike Swingle.

Before LAY, Chief Judge, HEANEY, BRIGHT and ROSS, Circuit Judges, HENLEY, Senior Circuit Judge, and McMILLIAN, ARNOLD, JOHN R. GIBSON and FAGG, Circuit Judges, en banc.

HENLEY, Senior Circuit Judge.

Plaintiffs appeal the dismissal of their complaints[1] for failure to state a claim upon which relief can be granted. Fed.R. Civ.P. 12(b)(6). We affirm in part and reverse in part.

Plaintiffs are present and former residents of the John Knox Village retirement community in Lee's Summit, Missouri. Defendants include the not-for-profit corporation John Knox Village; Kenneth Berg, the founder of the Village; various not-for-profit corporations allegedly controlled by Berg; Prudential Life Insurance Co., mortgage lender to the Village; Snyder, Grant & Muehling, the Village's former accountants; two attorneys formerly employed by various defendants; and certain officers and directors of various defendant not-for-profit organizations.

Plaintiffs brought this action alleging that defendants conspired to, and did in fact, defraud them with the result that plaintiffs face the loss of the "life care" which they expected to receive in return for an initial endowment fee plus a monthly service fee. Counts I and II of the complaint assert claims for relief based on the civil remedies provisions of Title IX of the Organized Crime Control Act of 1970, "Racketeer Influenced and Corrupt Organizations," codified at 18 U.S.C. §§ 1961–68 (1976), hereinafter referred to as RICO.[2] Count I charges all defendants except John Knox Village with participating, and conspiring to participate, in a pattern of racketeering through mail fraud. Count II consists of a prayer for equitable relief against John Knox Village based on the factual allegations in Count I.

The district court granted defendants' motions to dismiss the complaint on the grounds that plaintiffs failed to allege the existence of an identifiable "enterprise," and that the equitable relief sought in Count II is not available to a private plaintiff. A panel of this court, for reasons

---

1. This case involves two consolidated complaints which are identical except for the named plaintiffs.

2. Federal jurisdiction is invoked based on the two RICO counts. The complaint also includes a number of pendent state claims.

we adopt, affirmed in part and reversed in part the district court's dismissal. *Bennett v. Berg,* 685 F.2d 1053 (8th Cir.1982).[3] Briefly, the panel held that plaintiffs have standing to assert a claim based on RICO's civil remedies provisions; that plaintiffs have sufficiently alleged the existence of an enterprise distinct from the pattern of racketeering; that, with respect to Count I, plaintiffs have sufficiently alleged the existence of an enterprise distinct from the culpable person;[4] that plaintiffs have alleged fraud with sufficient particularity except for certain specified allegations, 685 F.2d at 1062 nn. 14 and 15; and that involvement with organized crime, as that term is commonly understood, is not a necessary element of a RICO claim.[5]

While we adhere to the views expressed by the panel regarding the dismissal of the complaint, we offer the following observations in the interest of aiding the district court and the parties on remand. As noted by the panel, 685 F.2d at 1058, 1061 n. 10, the complaint, which was described by the district court as a "long, rambling discourse," was poorly pleaded and raises serious doubts as to whether plaintiffs will succeed in establishing the requisite elements of their RICO claim against a number of defendants, particularly the following: Prudential Life Insurance Co.; Snyder, Grant & Muehling; Evangelical Christian Social Services; John Knox Communities, Inc.; National Village Church Center; National Gerimedical Hospital and Gerontology Center; Westminster Gerontology Foundation, Inc.; Jess Garrison; Paul Edwards; Elson Herndon; Mike Swingle; and Irma Waddell. In light of these and other statements by the panel, we are confident that on remand plaintiffs may wish to amend their pleadings. *See* Fed.R.Civ.P. 15.

■ One of the most immediate concerns we have with the allegations against the defendants just mentioned is the questionable factual basis underlying the claim that each of them participated in the conduct of the affairs of an enterprise in violation of 18 U.S.C. § 1962(c). As the panel noted in footnote 10 of its opinion, RICO forbids persons from conducting the affairs of an enterprise through a pattern of engaging in the predicate crimes. This statement was made in the course of panel consideration of the question whether there were appropriate allegations of "enterprise."

■ In somewhat different context, the en banc court is concerned that the complaint may be deficient as failing to allege adequately the requisite *degree* of participation in or conduct of the affairs of an enterprise on the part of each named defendant. Mere participation in the predicate offenses listed in RICO, even in conjunction with a RICO enterprise, may be insufficient to support a RICO cause of action. A defendant's participation must be in the conduct of the affairs of a RICO enterprise, which ordinarily will require some participation in the operation or management of the enterprise itself. *Cf. United States v. Mandel,* 591 F.2d 1347, 1375–76 (4th Cir.1979), *cert. denied,* 445 U.S. 961, 100 S.Ct. 1647, 64 L.Ed.2d 236 (1980). However, in light of the fact that this deficiency may not have been directly raised appropriately both in the district court and in this court, and in light of the nature of the complaint and virtual certainty of its amendment, we decline to affirm the dismissal of the RICO allegations in Count I as to any defendant on this ground. We do affirm the statement of the panel contained in its footnote 10 and again observe that it is unlawful for "any person employed by or associated with any enterprise ... to conduct or participate ... in the conduct of such enterprise's af-

---

**3.** For a more detailed statement of the case, see the panel opinion.

**4.** With respect to Count II, the panel concluded that plaintiffs have failed to allege an enterprise apart from John Knox Village, the only defendant named in Count II.

**5.** Because of the panel's conclusion on Count II, *see* note 4 *supra,* the panel found it unnecessary to address the question of whether equitable relief is available to private plaintiffs under 18 U.S.C. § 1964.

fairs through a pattern of racketeering activity[.]" 18 U.S.C. § 1962(c). And, as we said in *United States v. Lemm,* 680 F.2d 1193, 1203 (8th Cir.1982), "[A] RICO conspiracy charge alleges agreement to participate in conducting the affairs of an enterprise through the commission of . . . . predicate acts."

In adhering to the panel's conclusion that plaintiffs' complaint should not be dismissed on 12(b)(6) motions, for emphasis we repeat the panel's suggestion that it may be appropriate for appellees to tender and the district court to consider a Rule 12(e) motion for more definite statement, 685 F.2d at 1061 n. 10. Any such motion may reach any or all of the requisite elements of the RICO claims against any of the defendants.

Indeed, nothing in this opinion should be construed as discouraging the district court on remand from freely considering in the context of appropriate motions questions whether any or all of the defendants should remain in the case until its conclusion on the merits. Certainly in a complex case of this magnitude, a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed. *Associated General Contractors of California, Inc. v. California State Council of Carpenters and Carpenters 46 Northern Counties Conference Board,* —— U.S. ——, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983).

In sum, the dismissal of Count I and the pendent state claims is reversed; the dismissal of Count II is affirmed; and the case is remanded to the district court for further proceedings in accordance with this opinion.

McMILLIAN, Circuit Judge, concurring in part and dissenting in part.

I concur in the reversal of the district court's dismissal of Count I and the pendent state claims. I agree that plaintiffs sufficiently alleged the existence of an enterprise distinct from the pattern of racketeering and alleged fraud with sufficient particularity except as noted in the panel opinion.

I do not agree, however, that plaintiffs failed to allege in Count II the existence of an "enterprise" distinct from the defendant "person" who conducted or associated with that enterprise for purposes of racketeering. Although careful amendment [1] of the pleadings on remand as suggested by the panel opinion, 685 F.2d at 1061–62, could circumvent the person-enterprise identity problem, I would reach that question and hold that the corporate defendant, John Knox Village, can simultaneously be named as the enterprise through which the defendant or defendants conducted or participated in a pattern of racketeering. *Cf. United States v. Hartley,* 678 F.2d 961, 986–90 (11th Cir.1982) (criminal RICO action), *cert. denied,* —— U.S. ——, 103 S.Ct. 815, 74 L.Ed.2d 1014 (1983); *see* Blakey, *The RICO Civil Fraud Action in Context: Reflections on Bennett v. Berg,* 58 Notre Dame L.Rev. 237, 324–25 & n. 181 (1982). *Contra Fields v. National Republic Bank,* 546 F.Supp. 123, 124 & n. 5 (N.D.Ill.1982) (civil RICO action); *cf. United States v. Computer Sciences Corp.,* 689 F.2d 1181, 1190 (4th Cir.1982) (criminal RICO action), *cert. denied,* —— U.S. ——, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983). Accordingly, I dissent from that part of the majority en banc opinion which concludes that John Knox Village cannot simultaneously be both a person and an enterprise under RICO.

I would also reach the question whether equitable relief is available to private parties under RICO, a question left undecided by the majority en banc opinion, and answer that question affirmatively. As noted by Professor Blakey,

1. The panel opinion suggested that plaintiffs in Count II may have intended to place the residential community in the role of the requisite RICO enterprise and noted that the "residential community, so perceived, would arguably be an 'association in fact' for purposes of RICO. 18 U.S.C. § 1961(4)." 695 F.2d at 1061; *cf. United States v. Hartley,* 678 F.2d 961, 989 (11th Cir.1982) (criminal RICO action; problem of identity of person and enterprise would never have surfaced if the government had charged the defendants collectively as an "association in fact" and charged the corporation singly as the enterprise), *cert. denied,* —— U.S. ——, 103 S.Ct. 815, 74 L.Ed.2d 1014 (1983).

[S]ection 1964(a) is a general grant of equitable power. It is not limited on its face or in its legislative history. Section 1964(b) grants the government authority to seek relief, an authority that it was necessary to set out lest old learning be used to circumscribe the new governmental power to seek equitable relief. Nothing in section 1964(b) speaks in negative terms about an authorization for private parties to seek similar relief. Indeed, the governmental suits are to be brought on behalf of private parties. No satisfactory explanation can be offered as to why Congress would have precluded victims from seeking help themselves. Section 1964(c), moreover, says "sue and" and not "sue to." The contrary argument would have to suggest that by adding the right to secure treble damage relief to the general right to sue Congress somehow manifested an intention to subtract the right to obtain other forms of relief. How addition might be converted with subtraction in a remedial statute that must be liberally construed strains even the legal imagination. Section 1964 ought to be read as authorizing both governmental and private suits to obtain equitable relief. To the degree that any ambiguity might be thought to exist in the choice of language, the liberal construction clause and the remedial purpose of the statute come down on the side of finding private suits to be authorized and that full relief can be granted. No satisfactory rationale can be offered, in short, to explain why a court ought to feel itself circumscribed in doing full justice for a victim under RICO.

58 Notre Dame L.Rev. at 331–32 (footnote omitted); *see* Blakey & Gettings, *Racketeer Influenced and Corrupt Organizations (RICO): Basic Concepts—Criminal and Civil Remedies,* 53 Temple L.Q. 1009, 1014, 1038 nn. 132–33 (1980).