Larry A. **CRISWELL**, et al., **Plaintiffs**,

v.

**PRODUCTION CREDIT ASSOCIATION,**
**et al., Defendants.**

No. C–2–85–624.

United States District Court,
S.D. Ohio, E.D.

Aug. 9, 1985.

---

Larry Criswell, pro se, Galion, Ohio.

James Magee, Louisville, Ky., for defendants.

## OPINION AND ORDER

HERMAN JACOB WEBER, District Judge.

Plaintiffs, husband and wife, have filed this action against Production Credit Association (PCA) and Federal Land Bank (FLB) alleging violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. Section 1961, *et seq.*, and the National Bank Act, 12 U.S.C. Section 21, *et seq.*,[1] which alleges violations derived from a loan of money to them by PCA and FLB. This matter is currently before the Court on separate motions to dismiss filed by the Defendants PCA and FLB. Said motions were filed on April 24, 1985 by PCA and on April 26, 1985 by FLB. Neither motion has been responded to by Plaintiffs despite the Court's order to do so within ten (10) days of June 3, 1985 or face dismissal.

## STATEMENT OF THE CASE

Plaintiffs in this action are essentially seeking a determination that PCA and FLB in assessing interest rates on their (Criswell) loans violated The National Bank Act, 12 U.S.C. Section 21, *et seq.*, and that, by knowingly communicating said interest rates which were in excess of the rates permitted by law through the mail, both PCA and FLB engaged in such racketeering activity as is precluded by The Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. Section 1961, *et seq.*

## DISCUSSION

### I. National Bank Act Allegations

Plaintiffs have alleged in their Third and Fourth Counts that both PCA and FLB charged interest on their loans in an amount and manner that violates 12 U.S.C. Sections 85 and 86. Specifically, 12 U.S.C. Section 85 is part of the National Bank Act which regulates the rate of interest that a national bank may charge, while 12 U.S.C. Section 86 imposes a penalty upon national banks for failure to comply with 12 U.S.C. Section 85.

1. The caption of the Complaint states that Plaintiffs also bring this case as a breach of contract action, yet the Complaint contains no allegations in respect to a breach of contract. Also missing from the Complaint are any class action allegations despite the invocation of Rule 23(b) Federal Rules of Civil Procedure. Nor, have Plaintiffs included a sixth count in their Complaint even though Paragraph 3 refers to a sixth count. Further, while the Plaintiffs invoke the original jurisdiction of this Court under 28 U.S.C. Section 1362, which pertains to any civil action involving the right of any person in whole or part of Indian blood or descent to any allotment of land under any Act of Congress or treaty, the Complaint contains no allegations in respect to any such Indian allotments.

Neither PCA nor FLB are established as national banks under the National Bank Act, 12 U.S.C. Section 21, *et seq.;* rather both are federal instrumentalities created under the Farm Credit Act of 1971, as amended, 12 U.S.C. Section 2001, *et seq.* As such, the interest rate that PCAs and the FLB are permitted to charge on loans to their borrowers is governed by regulations promulgated by the Farm Credit Administration pursuant to the Farm Credit Act of 1971, as amended. It is well settled that the National Bank Act regulates only the conduct of national banks. *Weiner v. Bank of King of Prussia,* 358 F.Supp. 684 (E.D.Pa.1973).

II. Racketeer Influenced and Corrupt Organizations Act Allegations

Plaintiffs have alleged in their First, Second and Fifth Counts that both PCA and FLB have violated the provisions of 18 U.S.C. Section 1962(c) in their computation and charge of interest to Plaintiffs.

Section 1962(c) provides that:

It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, an interest in or control of any enterprise which is engaged in or the activities of which affect interstate or foreign commerce.

Plaintiffs, however, allege that the PCA and FLB were both the "enterprise" and the person who corrupted the "enterprise". By failing to distinguish between the alleged "enterprise" and the culpable "person", the Complaint falls fatally short of the mark that Congress set in enacting R.I.C.O. *See Hirsch v. Enright Refining Co., Inc.,* 751 F.2d 628 (3rd Cir.1984); *Bennett v. Berg,* 685 F.2d 1053 (8th Cir.1982), *aff'd en banc,* 710 F.2d 1361, *cert. denied,* 464 U.S. 1008, 104 S.Ct. 527, 78 L.Ed 2d 710 (1983); *Fields v. National Republic Bank of Chicago,* 546 F.Supp. 123 (N.D.Ill.1982).

### CONCLUSION

Accordingly, the motions of the PCA and FLB to dismiss are GRANTED, and it is

ORDERED that to the extent the complaint includes claims arising under state law, such claims are DISMISSED without prejudice. The claims made pursuant to the Racketeer Influenced and Corrupt Organizations Act and the National Bank Act are DISMISSED with prejudice.