**OVERNITE TRANSPORTATION COMPANY, Plaintiff–Appellant,**

v.

**TRUCK DRIVERS, OIL DRIVERS, FILLING STATION AND PLATFORM WORKERS UNION LOCAL NO. 705, Defendant–Appellee.**

No. 89–1443.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 25, 1989.

Decided June 12, 1990.

Rehearing and Rehearing En Banc Denied July 10, 1990.

---

**4.** *See Butler, supra,* 615 F.Supp. at 495.

Allan E. Lapidus, Jeannine M. Pisoni, and Randal L. Golden, Vedder, Price, Kaufman & Kammholz, Chicago, Ill., for plaintiff-appellant.

John F. Ward, William A. Widmer, III, and Sheldon M. Charone, Carmell, Charone, Widmer, Mathews & Moss, Chicago, Ill., for defendant-appellee.

Before WOOD, Jr., and POSNER, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

Overnite Transportation appeals the dismissal by the district court of its complaint charging Local 705 with violating Section 1962(c) of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c) and with intentionally and maliciously destroying property in violation of state law. 704 F.Supp. 859. Because we agree that the complaint fails to allege that Local 705's relationship with Overnite facilitated the commission of the alleged racketeering activity, we affirm the dismissal of the RICO count for failure to state a claim. The pendent state law claim falls

under *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

## I.

Overnite is a trucking company whose activities affect interstate commerce. Local 705 is the certified collective bargaining representative of Overnite's drivers at its Bedford Park, Illinois facility. Overnite alleges that during the course of a 1984 strike by Local 705, persons acting on the union's behalf engaged in five acts of arson and six acts of intimidation through acts committed against Overnite's trucks.[1] Overnite contends that these allegations state a claim against Local 705 under § 1962(c) of RICO for participating in Overnite's affairs through a pattern of racketeering activity. While finding that Overnite was a RICO enterprise and that Overnite's complaint alleged a pattern of racketeering activity, the district court dismissed the complaint for failure to state a claim because it failed to allege that Local 705, through its predicate acts, "participated" in the affairs of the enterprise. We affirm the district court's dismissal of the complaint solely on that basis.

## II.

*The Nexus Between the Enterprise's Affairs and the Racketeering Activity.*

To violate section 1962(c), a defendant must "conduct or participate ... in the conduct of [an] enterprise's affairs through a pattern of racketeering activity ..."[2] While all courts agree that this language requires RICO plaintiffs to show some meaningful nexus between the affairs of the enterprise and the pattern of racketeering activity, "[a]scertaining the nature of the nexus requirement [remains] the primary intellectual problem posed by the language of 1962(c)." David B. Smith and Terrance G. Reed, *Civil Rico*, ¶ 5.04 at 5–21 (Matthew Bender, 1988). Accordingly, the circuits have diverged in their approach to this issue.

The most restrictive approach to the "conduct or participate" nexus language in § 1962(c) imposes liability only where the defendant's conduct involves "some participation in the management or direction of the enterprise itself." *Bank of America v. Touche Ross & Co.*, 782 F.2d 966, 970 (11th Cir.1986). *See also, United States v. Mandel*, 591 F.2d 1347 (4th Cir.1979); *Bennet v. Berg*, 710 F.2d 1361 (8th Cir.1982) (en banc); *but see, United States v. Ellison*, 793 F.2d 942, 950 (8th Cir.1986). The least restrictive approach required merely some *"relation* between the predicate crime and the affairs of the enterprise." *United States v. Welch*, 656 F.2d 1039, 1061 (5th Cir.1981). This open-ended approach eviscerated § 1962(c)'s nexus requirement and was dramatically narrowed by the fifth circuit in *United States v. Cauble*, 706 F.2d 1322 (5th Cir.1983).

In *United States v. Blackwood*, 768 F.2d 131, 137–138 (7th Cir.1985) our Court adopted a three-pronged test which lies mid-way between the outer boundaries set by *Mandel* and *Welch*. First articulated by the Fifth Circuit in *United States v. Cauble*, 706 F.2d 1322, 1331–1332 (5th Cir. 1983), the test requires the satisfaction of three requirements to establish a nexus between the racketeering activity and the affairs of the enterprise: (1) The defendant must have committed the racketeering acts; (2) the defendant's position in or relationship with the enterprise facilitated the commission of the acts; and, (3) the acts had some effect on the enterprise. *Accord U.S. v. Peiper*, 854 F.2d 1020, 1026 (7th Cir.1988).

---

**1.** The arson is alleged to violate Ill.Rev.Stat. ch. 38 ¶ 20–1 and punishable by imprisonment for up to seven years. The other acts of violence against the trucks are alleged to amount to intimidation violative of Ill.Rev.Stat. ch. 38, ¶ 12–6 and punishable by imprisonment for as much as five years.

**2.** Section 1962(c) provides:

It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

**394**

### III.

After applying the *Blackwood* test to the facts of this case we must affirm the district court's finding that the complaint does not properly plead a § 1962(c) violation because it fails to allege facts which satisfy prong two's requirement that the defendant's relationship with the enterprise "facilitated" the commission of the predicate acts.[3] While not subject to precise definition, in this context facilitate means that the defendant's position or relationship with the enterprise made possible or made easier the commission of the predicate acts.

So understood, the fatal flaw in this complaint is its failure to allege that Local 705's relationship to Overnite at least made it easier for the union to injure company property. Based on the facts alleged in this complaint, it appears that the damage done to these vehicles could have been inflicted by a gang of hoodlums as easily as by a striking union. That the defendant's relationship to the enterprise furnishes a motive to commit the predicate acts is irrelevant to our inquiry. What matter are the means the relationship provides the defendant to accomplish these unlawful acts. Since here there are none alleged, the complaint is properly dismissed for failure to state a claim.[4]

AFFIRMED.

---

**3.** In finding the complaint factually deficient we have deemed as true all facts alleged in the complaint and all reasonable inferences therefrom. *SK Hand Tool Corp. v. Dresser Industries, Inc.,* 852 F.2d 936, 938 (7th Cir.1988).

**4.** Overnite points to a case from the D.C. Circuit which holds that a striking union *does* participate in the company's affairs when it engages in a pattern of racketeering activity formed through strike related violence. *Yellow Bus Lines Inc. v. Local 639,* 839 F.2d 782, (D.C.Cir. 1988) *reh. den., en banc* (D.C.Cir.1988) *cert. denied* —— U.S. ——, 109 S.Ct. 309, 102 L.Ed.2d 328, (1989) *vacated,* —— U.S. ——, 109 S.Ct. 3235, 106 L.Ed.2d 583 (1989), *on remand* 883 F.2d 132 (D.C.Cir.1989) *reh. gr., en banc* U.S. App.Lexis 16132. Though factually analogous, the opinion draws its conclusion without artic-

ulating and applying a specific nexus test. At most the court indicates that it "decline[s] to adopt a more restrictive standard than that enunciated in *Cauble* or *Scotto.*" *Id.* at 793. (See *U.S. v. Scotto,* 641 F.2d 47 (2d Cir.1980)). Though both of those tests require that the defendant's position in the enterprise at least "facilitate" his commission of the racketeering acts, we believe that an articulated application of these tests requires some discussion of how the union's position with the company made the commission of the predicate acts possible or at least easier. Because *Yellow Bus* omits this discussion, we are unsure of whether the D.C. Circuit adopted and applied *Scotto* or *Cauble* or opted for a less restrictive approach. Nevertheless, we assume that the D.C. Circuit's silence in *Yellow Bus* does not imply rejection of a facilitation requirement.