**PORTER'S SOUTH SHORE CLEANERS, INC.,**
Petitioner,

v.

**STATE of Indiana and Indiana State Board of Tax Commissioners, an agency of the State of Indiana, Respondent.**

No. 45T05-8610-TA-00025.

Tax Court of Indiana.

April 6, 1987.

Joseph S. Reid, Highland, for petitioner.

Linley E. Pearson, Atty. Gen. by Marguerite M. Sweeney, Deputy Atty. Gen., Indianapolis, for respondent.

FISHER, Judge.

## STATEMENT OF THE CASE

Petitioner, Porter's South Shore Cleaners, Inc. appeals the final determination of the State Board of Tax Commissioners for certain tangible business property assessed as of March 1, 1985.

The Court finds the following to be the facts:

## FINDINGS

1. Petitioner, Porter's South Shore Cleaners, Inc. is an Indiana corporation engaged in the dry cleaning and laundry business primarily in Lake County, Indiana.

2. Respondent, Indiana State Board of Tax Commissioners (Board), on September 5, 1986, issued a final assessment determination for Petitioner's personal property as of March 1, 1985 in the amount of $59,780.

3. Petitioner timely filed this action to appeal this final assessment determination.

4. This court has jurisdiction of the subject matter of this action and over the parties hereto.

5. At issue in this case are the following items of property: two roof mounted air coolers, a boiler and stack, and a combination of machines which the Court and the parties have agreed to refer to collectively as a "thermal ironer."

6. The two air coolers are mounted on the roof of the Petitioner's building and are used to cool the air in the plant portion of the premises.

7. These air coolers make the environment more comfortable for the employees; however, the work performed in the facility would go on as well no matter what the temperature is.

8. That the "thermal ironer" consist of a "thermal ironer," roll, gas-fired fluid heating unit, folder/cross folder, and skid mounting which are separate components integrated by the Petitioner into one unit ("thermal ironer") used for the purpose of pressing flatware such as sheets.

9. Part of the evidence the hearing officer relied upon in including the air coolers as taxable personal property was a recollection of having been told by a Mr. Porter in her review of the March 1, 1983 assessment that the air coolers cooled the machines. No other evidence was relied upon that the machines are cooled in any way other than being present in the building or that the coolers are in any way "integrated parts of the manufacturing process." The air coolers take in the air from the plant, cool it, and return the cooled air into the facility.

10. The boiler and stack are used to generate steam.

11. The plant portion of the facility is heated by the steam generated from the boiler; the steam is also used in the dry cleaning process. The proportionate use of the steam is 60% for the dry cleaning process, 40% for heat of the building.

12. The "thermal ironer" was acquired to service one account.

13. The account was lost after March 1, 1985 and the use of the "thermal ironer" is 10% of its prior usage.

14. The items which are in issue in this case were the subject of the assessment for March 1, 1983.

15. The Petitioner filed an appeal of the March 1, 1983 assessment in the Lake Superior Court, Room One as Cause Number 184–971.

16. This prior case (No. 184–971) was decided adversely to the Board by virtue of a default judgment and remanded. No appeal was taken.

17. As to the air coolers, boiler and stack, and the "thermal ironer," the issues in Cause No. 184–971 were identical to the issues in this case. Also the facts alleged in the pleadings were identical to the allegations in this case.

18. From March 1, 1983 through March 1, 1985 there was no change in the usage of these items.

## DISCUSSION AND DECISION

■ The first issue raised by Petitioner, which if the Court finds as Petitioner urges would be dispositive of this case, is whether the judgment referred to in finding of fact 15 through 18 is *res judicata* as to the case at bar.

The issue of *res judicata* and the related issue of collateral estoppel have been reclassified in recent years as claim preclusion and issue preclusion. The Court of Appeals in *Gorski v. Deering* (1984), Ind. App., 465 N.E.2d 759, discusses these concepts; and if applicable in this case, it is issue preclusion which is relevant. That is, did the 1985 judgment of the Lake Superior Court decide the issues as to the character of the air coolers, the boiler and stack, and the "thermal ironer," so as to preclude the Board herein from asserting a contrary position for tax year 1985. It is clear that the parties to both suits are the same and that the issues upon which both suits have been brought are the same.

The Board urges that the issues are not the same since the prior case concerned the 1983 taxes, and this suit is for the 1985 taxes. The real issue in such case, however, is the character of the property; that is, whether the air coolers are personal or real property, whether the boilers and stack are personal or real property, and whether the "thermal ironer" should have been classified as a special tool pursuant to 50 IAC 4.1–4–2.

A complicating factor, however, is since the reviewing court can only review for substantial evidence, application of law, or arbitrary and capricious conduct and then remand, how does issue preclusion apply. It would seem that once a court had determined that the Board was in error sufficiently that the matter was remanded that it would be equal error to assert the same position (contrary to the findings of the Court) in succeeding years. The Court finds therefore that the issues resolved in the prior case and in this case (did Board correctly apply the regulations to the facts) are the same.

■ The next question is what is the preclusive effect of the Lake Superior Court judgment inasmuch as same was a default judgment. There appears to be no clear case in Indiana dealing with this proposition. The Restatement of Judgments and the Restatement of Judgments Second deal with this question, stating that only a particular issue which has been actually litigated may later be precluded; furthermore an issue decided by default is not considered a litigated issue. *See* RESTATEMENT OF JUDGMENTS § 68 (1942); REINSTATEMENT (SECOND) OF JUDGMENTS § 27 (1982).

Counsel for the Petitioner has cited to the Court the work of A. VESTAL, RES JUDICATA/PRECLUSION (1969), in which the Court finds a discussion of issue preclusion in a default judgment. Professor Vestal cites us to *Cromwell v. County of Sac* (1876), 94 U.S. (4 Otto) 351, 24 L.Ed. 195 in which the Supreme Court stated:

the inquiry must always be as to the point or question actually litigated and determined in the original action; not what might have been thus litigated and determined.

Vestal reiterates the Restatement position that basically an issue decided on a default judgment is not precluded from being raised in a subsequent different cause of action between the same parties.

He then compares the position taken in a California case of *Harvey v. Griffiths* (1933), 133 Cal.App. 17, 23 P.2d 532, wherein the court stated that it was immaterial as to how a judgment was rendered, since it was an estoppel as to all issues necessarily litigated and determined like any other judgment. That is, once the judgment was rendered, it did not matter how it was rendered, so long as the issue was determined. Professor Vestal, after discussing several other cases, concludes that a court in the subsequent suit should "consider whether the supposedly precluded party, in view of the surrounding circumstances, intended the default (failure to litigate) to be an admission." A. VESTAL, RES JUDICATA/PRECLUSION at 203. It does not seem to this Court that such a finding is necessary, but rather fairness dictates that if the judgment is by default then the issue is not precluded in a subsequent suit. *See also Grip-Pak, Inc. v. Illinois Tool Works, Inc.* (7th Cir.1982), 694 F.2d 466, 469; *Frye v. United Steelworkers of America* (7th Cir.1985), 767 F.2d 1216, 1220. See generally Annotation, *Doctrine of Res Judicata As Applied to Judgments By Default*, 128 A.L.R. 472 (1940); Annotation, *Doctrine of Res Judicata As Applied To Default Judgments*, 77 A.L.R.2d 1410 (1961) for discussion of the subject.[1]

■ The Court therefore finds that inasmuch as the Lake Superior Court judgment was obtained by default, the Board is not precluded from reasserting the issues as to the character of the air coolers, the stack and boiler, or whether the "thermal ironer" is a special tool.

■ The standard of review this Court must apply to appeals from the State Board of Tax Commissioners is whether the determination of the Board was supported by substantial evidence, an abuse of

discretion, in excess of statutory authority, or was arbitrary or capricious. *State Board of Tax Commissioners v. Gatling Gun Club* (1981), Ind.App., 420 N.E.2d 1324.

■ On review of the evidence as to the air coolers before the hearing officer, it is clear that the air coolers are for the comfort of employees and are not used in the cleaning or laundry processes. The only evidence the hearing officer had on that the air coolers were used in the cleaning and laundry process is an alleged statement by an officer of the Petitioner at the hearing on the 1983 assessment that the air coolers cool machinery. There is, however, no evidence of such assertion at the hearing in 1985. The Court finds that the decision of the Board as to the air coolers was made without substantial evidence in support thereof.

■ The evidence regarding the boiler and stack is that such was used 40% for heating the premises and 60% for providing steam for use in the cleaning process. Regulation 16, Rule 2 (50 IAC 4.1–2–3(D)(i)(1)(c)(iii)) provides that "when any central [heating] system has a dual purpose ... an allocation shall be made based upon each taxpayer's facts and circumstances." The evidence in this case is that the central heating system has a dual purpose. Therefore, an allocation should have been made. The Court finds that the Board has not applied its own regulations to the evidence before it.

■ The Petitioner also seeks to have the "thermal ironer" designated as a special tool pursuant to Regulation 16, Rule 4 (50 IAC–4.1–4–2).

The hearing officer was presented evidence that the "thermal ironer" was purchased to press flatware for a certain customer and that that customer has ceased doing business with Petitioner and since the unit only is used 10% of its prior usage (and stands idle 90% of its prior usage), that it is entitled to special tool treatment

---

1. The Court would note that it is the law in Indiana that a default judgment is *res judicata* in the same cause of action (claim preclusion).

as provided by regulation. A special tool is defined at 50 IAC 4.1–4–2(A) as follows:

> The term 'special tools' is herein defined to include, but is not limited to, tools, dies, jigs, fixtures, gauges, molds and patterns acquired or made for the production of products or product models which are of such specialized nature that their utility generally ceases with the modification or discontinuance of such products or product models. Those items of 'special tools' being manufactured or built for sale or lease to another person must be valued as inventory pursuant to Rule 3 of this Regulation.

The Court finds that the "thermal ironer" does not come within this definition. This unit would have utility to the Petitioner if he had a customer who needed its use as it once did. Since the "thermal ironer" is not used to produce products or product models which are of a specialized nature, the "thermal ironer" does not meet the definition of special tool. Another way of analyzing it is that if Petitioner lost all of its customers or lost sufficient customers that it did not need all of its equipment or personal property, would it be allowed to claim same as a special tool? I think not. The determination of the Board with respect the "thermal ironer" is sustained.

IT IS ORDERED that this matter be remanded to the State Board of Tax Commissioners for action not inconsistent with this opinion.