Allen MARKER, Margaret Marker, and St. Joseph County Area Board of Zoning Appeals, et al., Appellants–Defendants,

v.

Peter MANDICH, Phillip Pynaert, and Stephen Kosanovich, Appellees–Plaintiffs.

No. 71A03–9005–CV–00175.[1]

Court of Appeals of Indiana, Fifth District.

July 29, 1991.

Richard A. Nussbaum, II, Krisor and Nussbaum, South Bend, for appellants-defendants.

Gaylen W. Allsop, South Bend, for appellees-plaintiffs.

SHARPNACK, Judge.

Allen and Margaret Marker appeal the judgment[2] of the St. Joseph Superior Court which reversed the order of the St. Joseph County Board of Zoning Appeals (hereinafter "board") granting them permission to construct a pig farrowing building on their property. We affirm.

The Markers raise several issues for our review. We find that resolution of the following issue leads to affirmance of the trial court judgment:

> Did the trial court correctly find the Markers' petition for a special use permit to be governed by the board's revocation of their building permit under the principles of *res judicata?*

The property in question had been used as a farm continuously since before 1961. In 1961 the county amended the zoning ordinance and changed the area in which the property is located from agricultural to residential. The owners of the property continued to operate it as a farm after the zoning change. The Markers purchased the property in 1976 and continued various farming operations. Sometime in April of 1979, the Markers began to raise pigs on the property.

1. This case was diverted to this office by order of the Chief Judge.

2. Appellants did not include in their brief a verbatim statement of the judgment as required by Appellate Rule 8.3(A)(4); nor did appellees, who did undertake a statement of the case in their brief.

As part of their pig farming operation, the Markers had erected nineteen movable farrowing pens on the property. In 1985 the Markers filed an appeal with the board seeking reversal of the County Building Commissioner's revocation of a permit to construct a pig farrowing building on the property to replace the movable pens. The board, accepting the commissioner's determination that the building would unlawfully expand a nonconforming use, denied their appeal on September 4, 1985.

Some time after the board denied the Markers' appeal, the county amended the zoning ordinance in order to allow persons who operated confined feeding operations as legal nonconforming uses to upgrade their facilities as long as the upgrade did not expand the size and scope of the operations or heighten the impact of the operations upon the surrounding properties. Following this amendment, the Markers filed a petition to build a permanent farrowing building as a special use. The board heard and granted this petition. The neighbors, who remonstrated against the petition, then filed a petition for writ of certiorari on September 5, 1986, and the St. Joseph Superior Court issued the writ on October 16. Following briefing by the parties, the court entered judgment reversing the board on October 9, 1989.

■ The trial court may review the decision of the board of zoning appeals only for illegality. IND.CODE §§ 36-7-4-1003, 36-7-4-1009; *Metropolitan Board of Zoning Appeals v. Gunn* (1985), Ind.App., 477 N.E.2d 289, 294. In order to reverse the board's decision, the trial court must determine that it was incorrect as a matter of law. *Gunn*, 477 N.E.2d at 294. On appeal, this court is bound by the same standard. *Id.* In this case, we may affirm the trial court only if the board's decision to grant the special use permit was incorrect as a matter of law.

The trial court determined that the board was bound to deny the Marker's application for a special use permit because the board already had revoked a building permit for the same building. The court held that this earlier denial was *res judicata* which pre-

cluded the board from granting the second petition for a permit. We find the trial court's determination to be correct.

Because they claim that the 1985 and 1986 proceedings before the board addressed different issues, the Markers argue that the trial court erred in finding the second proceeding to be governed by the revocation of the permit in the first proceeding under principles of *res judicata*. They cite *Porter County Board of Zoning Appeals v. Bolde* (1988), Ind.App., 530 N.E.2d 1212 for the proposition that principles of *res judicata* do not govern administrative hearings which consider issues that are not identical. They argue that the 1985 proceeding was denied under §§ 26.75.010 and 26.75.020 of the St. Joseph County Zoning Ordinance, which provide:

> *26.75.010 Scope.* An appeal may be taken to the Board of Zoning Appeals by any person, firm, or corporation, or by any office, department, board, or bureau aggrieved by a decision of the office of the County Building Commissioner. Such an appeal shall be taken within such time as shall be prescribed by the Board of Zoning Appeals by filing with the office of the County Building Commissioner a notice of appeal specifying the grounds thereof. The County Building Commissioner shall forthwith transmit to the Board of Zoning Appeals all of the papers constituting a record upon which the action appealed from was taken.

> *26.75.020 Hearing.* Hearing on appeals shall be pursuant to Chapter 174, Acts of the Indiana General Assembly 1947, as amended, and by the rules adopted by the Board of Zoning Appeals.

They further claim that the 1986 proceeding was governed by § 26.30.020.G of the zoning ordinance, which provides:

> A confined feeding operation, existing as a legally established non-conforming use, may be allowed to upgrade its facilities to provide a healthier, cleaner or more efficient operation provided that:

> 1. There is no increase in the size and scope of the operation, and

2. The impact of the combined feeding operation on surrounding properties is lessened or remains the same, and

3. Plans for the proposed upgrade are reviewed and evaluated by the Area Plan Commission Staff and the County Building Commissioner to assure that the proposed operation is in conformance with the provisions and spirit of this Title. Said plans shall be sufficiently detailed to allow such review.

The Markers argue that the first proceeding, a proceeding for the revocation of a building permit, involved different standards than the second proceeding, a petition for a special use. They argue that they were required to show that the operation would be cleaner, more efficient, or healthier in order to obtain relief under the special use petition, but that they were not required to do so in order to resist the revocation of the building permit. In addition, they claim that they down-sized the requested nonconforming use by deleting their request for a farrowing building.[3] Under these alleged circumstances, they argue that the board's action in the first proceeding is not *res judicata* binding the board in the second proceeding.

■ The Markers' argument is incorrect because it elevates form over substance. In the revocation proceeding, the board reviewed the building commissioner's revocation of the building permit which the Markers had obtained in order to construct a structure which they called a farrowing and finishing building. The building commissioner had revoked their permit because he determined that the surface area of the structure was greater than the surface area the Markers had devoted to the nonconforming use at the time of the change form agricultural to residential zoning and, consequently, the structure would constitute a prohibited expansion of a nonconforming use. After hearing testimony

from the concerned parties on the issue of expansion, the board refused to overturn the commissioner's revocation.

In the second proceeding, the Markers attempted to obtain a permit for what they called a farrowing building as a special use under an amendment to the zoning ordinance. This amendment allowed the upgrading of combined feeding operations if the upgrade would benefit the healthiness, cleanliness, or efficiency of the operation. However, the ordinance provided that an operation could not be upgraded if the upgrade expanded the size of the operation. An upgrade was not to be allowed if it amounted to an expansion of a nonconforming use. In short, the issue of expansion by construction of the building was sufficient in and of itself to defeat the Markers' petition for a special use permit. If the board was bound by its earlier determination on this issue, it was prohibited from granting the Markers' petition.

■ The factual determinations of an administrative agency may bind that agency in subsequent proceedings under the doctrine of collateral estoppel, otherwise known as issue preclusion. *See Porter's South Shore Cleaners, Inc. v. Board of Tax Commissioners* (1987), Ind.Tx., 512 N.E.2d 895 (implicitly accepting issue preclusion in administrative proceeding). In order for issue preclusion to bind the parties, there must be both identity of parties and mutuality of estoppel. *Gorski v. Deering* (1984), Ind.App., 465 N.E.2d 759, 762. There can be no serious contention that the parties to the two proceedings were not identical. The record reveals that the Markers squared off against the same set of neighbors in each proceeding before the board.

It is also clear that there is mutuality of estoppel. In order for there to be such mutuality, the party asserting issue preclu-

---

**3.** The Markers' brief is inconsistent on this point. In one section of their brief, they state that the trial court erred in comparing the temporary farrowing pens which they had on the property with the farrowing building which is the subject of this litigation (Appellants' Brief, p. 9), but in another section they assert that they deleted the request to build the farrowing building. (Appellants' Brief, p. 14). These statements cannot both be correct. A review of the record shows that the Markers' petition did in fact seek permission to construct the farrowing building. (Record, p. 58).

sion must be subject to preclusion to the same extent as the party against whom it is being asserted. In other words, we must determine whether, if the decision on the disputed issue had gone the other way, it would have bound the parties. Here, it is obvious that the neighbors would have been bound by the board's decision in the revocation proceeding had it decided that the structure did not constitute a prohibited expansion of a nonconforming use. There is therefore mutuality of estoppel, and the board erred in redetermining the expansion issue in the special use proceeding. We therefore affirm the trial court.

AFFIRMED.

HOFFMAN, J., concurs.

SULLIVAN, J., dissents with separate opinion.

SULLIVAN, Judge, dissenting.

The majority's affirmance of the trial court's determination is premised upon the conclusion that the Board of Zoning Appeals (BZA) in 1986 was bound by its 1985 denial with respect to the construction proposed. I believe this conclusion to be in error.

It is clear from the record that the 1985 proceedings contemplated not only a farrowing building but a finishing building as well.[1] The 1985 BZA decision did not refer to the proposed construction of buildings—whether farrowing, finishing, or both. Rather, the decision "supported" the decision of the Building Commissioner to "revoke a building permit to allow a farrowing hog operation." Record at 46. This BZA decision is clearly supportable because the contemplated construction and operation, according to the evidence, might have reasonably been considered to be a prohibited expansion of the then-current operation. *See Stuckman v. Kosciusko County Board of Zoning Appeals* (1987) Ind., 506 N.E.2d 1079.

On the other hand, the 1986 proceedings were initiated after the ordinance amend-

ment which, as of that time, permitted an upgrade of an operation. In my view, Markers were entitled to attempt to bring themselves within the purview of the new law. This is particularly so since the new proposal did not include the earlier requested new or enlarged finishing facility. The 1985 proceedings concerned a construction larger in scope and size than did the 1986 proceedings, and in light of the new ordinance, the BZA was not bound by principles of res judicata nor was the certiorari court correct in deciding the case by application of such principles.

I would reverse and remand with instructions to reconsider the review of the BZA decision or in the alternative to affirm that decision.

---

1. The testimony at the 1985 BZA hearing clearly demonstrated that a finishing building was proposed: "There is also proposed another finish-ing room in addition to the current finishing room on site." Record at 34.