**In re Francis J. HOLLAND, Debtor.**

**Claude. SUTTON, Carla Sutton, James T. Kerlin, Gleena Kerlin, Robert Cantrell, and Susan Cantrell, Plaintiffs,**

**v.**

**Francis J. HOLLAND, Defendant.**

**Bankruptcy No. 91–71122–7.**
**Adv. No. 92–7003.**

United States Bankruptcy Court,
S.D. Indiana,
Evansville Division.

Nov. 5, 1992.

Karen M. Heard, Noffsinger, Price, Bradley and Shively, Evansville, IN, for plaintiffs.

Robert P. Musgrave, Evansville, IN, for defendant/debtor.

## MEMORANDUM

BASIL H. LORCH, III, Bankruptcy Judge.

This matter is before the Court on the MOTION FOR SUMMARY JUDGMENT and MEMORANDUM IN SUPPORT OF MOTION OF [sic] SUMMARY JUDGMENT which were filed by the plaintiffs on August 4, 1992. The Court heard arguments in this matter on September 22, 1992. The plaintiffs filed a REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT on October 2, 1992. The debtor/defendant provided this Court with state court transcripts on October 23, 1992.

## FACTS AND PROCEDURAL HISTORY

Debtor and his wife, Shirley Holland, owned Holland Energy Corporation [hereinafter Holland Energy]. The debtor, both individually and through Holland Energy, engaged in the practice of raising money from investors for oil and gas activities. The plaintiffs, at various times, invested money with Holland and Holland Energy.

After failing to see a return on their investment, and failing to get adequate re-sponses from the debtor, the plaintiffs came to believe that the debtor, Holland Energy, or the debtor's agents "engaged in a scheme of fraudulent misrepresentations, knowing and fraudulent omissions and silences along with breaches of fiduciary duties." Memorandum, pp. 1–2. The plaintiffs further believed that debtor's "actions and/or those of his corporation and/or agents were willful and malicious and were done knowingly and intentionally resulting in severe damage with respect to the Plaintiffs." *Id.* at 2. As a result, the plaintiffs initiated a cause of action in the Vigo Superior Court, Cause Number 84D01–9004–CP–475 naming debtor as one of the defendants. The complaint alleged fraud, deceit, misrepresentation, detrimental reliance, breach of fiduciary responsibility, and conflict of interest. As part of Count III of the Amended Complaint, the plaintiffs sought an award of punitive damages.

The parties engaged in the discovery process, and on November 29, 1990, trial by jury was scheduled to commence on October 21, 1991. Approximately one month before trial, debtor's attorney moved to withdraw his appearance. At his hearing on the motion to withdraw, debtor's counsel produced a letter which indicated that debtor no longer wanted Mr. Robert's services and that debtor's new counsel was Robert Musgrave. On October 21, 1991, the case proceeded to trial by jury. However, neither the debtor nor a representative of the debtor appeared for trial. Therefore, the jury was dismissed, and the plaintiffs presented evidence on the issue of damages. After hearing the evidence, the court entered the amount of damages to be awarded each of the plaintiffs.

Subsequently, the debtor filed a Motion to Correct Errors and a Motion to Set Aside Judgment. On February 19, 1992, the Court heard arguments on these motions. At that hearing, the debtor testified that his original attorney never advised him that the matter had been set for trial. February 19 Transcript, pp. 17–18. The debtor further testified that he did not learn of the October 21, 1990 trial date until he received

notice of the default judgment. *Id.* at 8. Musgrave advised the court that he had been retained to file bankruptcy on behalf of the debtor, but that he had advised the debtor he would not represent him in the state court action at such a late date. *Id.* at 42–43. Subsequently, on March 26, 1992, the court denied the Motion to Set Aside Judgment, and corrected its original order by removing the reference to default judgment. The amended order indicated that the court heard evidence before entering judgment. The debtor subsequently filed bankruptcy.

## DISCUSSION

The Motion for Summary Judgment seeks judgment on a Complaint to Determine Dischargeability of Debt. Thus, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, as well as 11 U.S.C. § 523. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

The plaintiffs have moved for summary judgment pursuant to Bankruptcy Rule 7056, which makes Federal Rule of Civil Procedure 56(c) applicable to adversary proceedings filed in bankruptcy cases. Rule 56(c) provides, in pertinent part:

**(c) Motion and Proceedings Thereon**.... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

When reviewing a motion for summary judgment, all reasonable inferences are to be resolved in favor of the nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 257, 106 S.Ct. 2505, 2514–15, 91 L.Ed.2d 202 (1986). In order to survive a motion for summary judgment, the nonmovant need only present evidence from which the factfinder may return a judgment in his favor. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). With the proper standard by which to review a motion for sum-

mary judgment established, the plaintiffs' motion will be reviewed.

The plaintiffs are seeking a determination that the claims raised pursuant to 11 U.S.C. § 523 in the amended complaint have been fully litigated in Vigo Superior Court. Thus, the plaintiffs argue that the doctrine of collateral estoppel bars relitigation of these issues, and summary judgment, as to Counts I, II, III, and IV is appropriate. Alternatively, the debtor contends that summary judgment is not appropriate since the merits of the case were not actually litigated in Vigo Superior Court.

The Full Faith and Credit Statute provides that federal courts are to accord state court judgments such weight as would be applied in the courts of the state in which the judgment was rendered. 28 U.S.C. § 1738. Thus, the application of collateral estoppel is appropriate in bankruptcy proceedings as long as "the state litigation actually and necessarily decided the relevant issue." *Klingman v. Levinson,* 831 F.2d 1292, 1295 (7th Cir.1987). Pursuant to the mandate of section 1738, the preclusive effect of a state court judgment is to be measured by the applicable state law. *Bicknell v. Stanley,* 118 B.R. 652 (S.D.Ind.1990).

In Indiana, collateral estoppel is proper when the following elements are met:

1) the issue sought to be precluded is the same as that involved in the prior action; 2) the issue was actually litigated; 3) the determination of the issue was essential to the final judgment; and 4) the party against whom estoppel is invoked was fully represented in the prior action.

*Bicknell,* 118 B.R. 652 (S.D.Ind.1990); *Deluna v. Allstate Insurance Co.,* 598 N.E.2d 625 (Ind.Ct.App.1992); *White v. Allstate Insurance Co.,* 591 N.E.2d 586 (Ind.Ct. App.1992).

In the present controversy, the issues which the plaintiffs seek to preclude parallel those which were presented in the Vigo County action. Thus, the first element is met. The third prong of the test is also met since a determination of the issues was

essential to a final judgment. Finally, the debtor was fully represented in the Vigo County action since he was a named defendant.

What must be resolved is the second element—were the issues actually litigated in the prior action? The plaintiffs assert that the issues were actually litigated. According to the plaintiffs, the fact that discovery was completed and the court heard evidence on October 21, 1991, belies the notion that the judgment was by default. The debtor contends that the court heard evidence on damages only, and thus, the judgment was by default, and summary judgment is not appropriate.

A well known treatise provides that "[j]ustice, then, is probably better served if the principle of collateral estoppel does not apply to unlitigated issues underlying default judgments, or to issues determined by the parties, unless it can be said that the parties could reasonably have foreseen the conclusive effect of their actions." 1B *Moore's Federal Practice* ¶ 0.444[1] (2ed 1984). However, "[i]n determining whether an issue has been litigated in an earlier case, a full trial on the merits in the earlier action is not an absolute prerequisite." *La Preferida v. Cerveceria Modelo, S.A. de C.V.*, 914 F.2d 900, 906 (7th Cir.1990).

The Indiana Tax Court dealt with the effect of a default judgment when a summary judgment proponent asserted that the doctrine of collateral estoppel was applicable. In the case of *Porter's South Shore Cleaners, Inc. v. State of Indiana*, 512 N.E.2d 895 (Ind.T.C.1987), a state court, by means of a default judgment, had previously characterized certain items of property as either real property or personal property. The same issue was subsequently raised in the tax court. The court held:

> The next question is what is the preclusive effect of the Lake Superior Court judgment inasmuch as same was a default judgment. There appears to be no clear case in Indiana dealing with this proposition. The Restatement of Judgments and the Restatement of Judgments Second deal with this question, stating that only a particular issue which

has been actually litigated may later be precluded; furthermore an issue decided by default is not considered a litigated issue.

> ... The Court therefore finds that inasmuch as the Lake Superior Court judgment was obtained by default, the Board is not precluded from reasserting the issues as to the character of the air coolers, the stack and boiler, or whether the "thermal ironer" is a special tool.

*Id.* at 897.

Additionally, in the *Klingman* case, a state court action was resolved by means of a consent judgment. The consent decree stipulated that the defendant had breached his fiduciary duties, acted with malice, and that it was the defendant's intent that the judgment not be dischargeable if he subsequently filed bankruptcy. The defendant later filed bankruptcy, and argued that the doctrine of collateral estoppel did not bar litigation of the issue of whether or not he breached a fiduciary duty. The court held:

> In the consent decree entered into in this case, the parties specifically provided that the debt owed to Ms. Klingman would "not be dischargeable in any bankruptcy or similar proceeding and that in any subsequent proceeding all of the allegations of the Complaint and findings of this Court may be taken as true and correct without further proof." ... In this situation, it is certainly reasonable to conclude that the parties understood the conclusive effect of their stipulation in a future bankruptcy proceeding. Consequently, the consent judgment should be given collateral estoppel effect.

*Klingman* 831 F.2d at 1296 (citations omitted).

Similarly, in the *Bicknell* case, the court was faced with the issue of whether an agreed entry could be given collateral estoppel effect in a bankruptcy action when the entry was entered between the debtors and creditors in a prepetition action. The entry did not specify that the future debtor would be bound by the agreement concerning the issue of fraud. The plaintiffs argued that under Indiana law, the entry

would still be binding for purposes of collateral estoppel.

The *Bicknell* plaintiffs relied on the case of *Hanover Logansport v. Robert C. Anderson, Inc.*, 512 N.E.2d 465 (Ind.Ct. App.1987) to support their proposition. In *Hanover Logansport,* the court stated, in dicta, that a claim must be reserved by the parties before further litigation on that claim may be held. Thus, the *Bicknell* plaintiffs contended that the issue was precluded since it had not been reserved in the agreed entry. The *Bicknell* court, after reviewing the history of collateral estoppel in Indiana and other jurisdictions, concluded that the *Hanover Logansport* dicta was applicable to claim preclusion cases only. This is based, in part, on the fact that claims are precluded if they could have been litigated in the prior action while collateral estoppel requires actual litigation of the issue in question. *Bicknell,* 118 B.R. at 664–67.

Thus, the Indiana Tax Court has specifically held that a default judgment is not an actual litigation of an issue for purposes of collateral estoppel. Further, the *Klingman* and *Bicknell* cases stand for the proposition that an agreed entry does not satisfy the actual litigation test unless it is stipulated within the entry that the parties are bound by the entry and further litigation is prohibited.

In the present controversy, the plaintiffs argue that the judgment entered was not a default judgment. The plaintiffs rely on the fact that the discovery process had been completed, and on the fact that the plaintiffs presented evidence at the October 21, 1991 hearing. The Judge indicated at the October 21 hearing that judgment was by default, but later issued a new order indicating that judgment had been issued after the presentation of evidence. For the reasons set forth below, this Court finds that the judgment entered by the Vigo Superior Court was a default judgment, and thus, collateral estoppel is not applicable.

First, the debtor indicated at the February 19, 1992 hearing on the Motion to Correct Errors that he had not received notice of the trial date from Mr. Roberts, his attorney at that time. February 19 Transcript, pp. 17–18. The Court notes that Roberts withdrew from the case in September of 1991. *Id.* at 17. The Vigo County Judge indicated that it would not be out of character for Roberts to fail to advise his client of the trial date. *Id.* at 45. This Court will not apply the doctrine of collateral estoppel to a situation where a defendant was defaulted if he did not have knowledge of the trial date. At the summary judgment stage, all reasonable inferences are to be resolved in favor of the nonmovant. Thus, the Court will accept the debtor's representations as true, and assume that he did not receive information of the trial date. As a result the Court will not preclude litigation of the issues.

■ Additionally, the Court finds that the judgment was, in actuality, a judgment by default. At the October 21 hearing the following exchange took place:

Plaintiffs' lawyer: ... [W]e would ask the court based upon the failure of the defendant, that is to appear in person or by representative, is to move for a default judgment, which is clearly defined under Indiana Rules of Trial Procedure, uh, Trial Rule 37(B) and subsequent case law is contained in this memorandum and others, and at that point and time then we would be prepared as noted previously to pursue the damages issue if the court would default them this afternoon.

Court: All right, show that this motion was taken under advisement, prior to that time, and since that time there has been complete failure on the part of the defendant, either when represented or otherwise to comply with the orders of the court, including orders to appear here for trial by jury this morning. Show that sanctions are appropriate, and in line with that, show that the defendant is defaulted on the issue of liability, and I find in favor of the plaintiffs and against the defendant on all issues—or all allegations of their complaint, and all that remains to come before the court is the issue of dam-

ages. You are saying that since you have been prepared to go ahead on the liability issue, you would like to regroup this morning and come back at 1:30 and present evidence on damages?

October 21 Transcript, pp. 4–6. On page 7 of the Transcript, the Judge indicated that the court reconvened for a hearing on damages. On page 8 of the Transcript, plaintiffs' attorney addressed the court, stating "As the court knows, this morning a default judgment was entered for various reasons against the defendant ..." On page 166 of the Transcript, plaintiffs' attorney again refers to the default judgment. Finally, on page 185, the Judge ruled: "All right. Well, show that I find that there was intentional misconduct and fraud here on behalf of Joseph Holland, uh, I think he concede that by virtue of the default judgment, at any rate."

Thus, the court and plaintiffs' attorney continually referred to the fact that the judgment was by default, and specified that the hearing was for the purpose of setting damages. Whether or not this technically fits within the definition of default judgment, the transcript indicates that the issues presented in the complaint were not actually litigated. Evidence was presented to assist the court in determining the proper amount of damages. However, this evidence was not offered until after the court indicated that judgment was entered for the plaintiffs on liability. Thus, this Court will not apply the doctrine of collateral estoppel to the facts of this case.

After having duly considered the foregoing, the Court hereby DENIES the plaintiffs' MOTION FOR SUMMARY JUDGMENT.

IT IS SO ORDERED.