**In re SARA BAY COMPANY, Debtor.**

**SARA BAY COMPANY, Plaintiff,**

v.

**Cornelius ALBRECHT; Ralph Hendricks; D. David Anderson; Bob Naatjes; Wallace Waite; Commercial State Bank of St. Paul; Thorp Credit Corp.; Farmers Home Administration; Security State Bank of Aitkin; Roland Isaacson, Defendants.**

**Bankruptcy No. 3–82–00585.
Adv. No. 83–7101.**

United States Bankruptcy Court,
D. Minnesota,
Sixth Division.

Dec. 8, 1983.

Mary E. Carlson, Asst. U.S. Atty., Minneapolis, Minn., for United States.

David Pyles, Edina, Minn., for Roland Isaacson.

George Duranske, Bemidji, Minn., for debtor.

The Sec. State Bank of Aitkin made no appearance.

MEMORANDUM OPINION

WILLIAM A. HILL, Bankruptcy Judge.

The Complaint in the above-named adversary was filed by the Debtor on February 28, 1983, requesting that the Court determine under 11 U.S.C. § 506 the secured status of the creditors named as Defendants and determine the value of any such security. An answer was filed by the Defendant, Security State Bank of Aitkin ("BANK"), on March 25, 1983. The United States of America filed an answer with the Court on March 30, 1983. Answer was filed by Thorp Credit Corporation on April 1, 1983. The

Commercial State Bank of St. Paul filed its answer with the Court on April 19, 1983.

A trial was held before the undersigned on October 13, 1983. Appearing on behalf of the United States was Assistant United States' Attorney Mary E. Carlson. Appearing on behalf of Roland Isaacson was David Pyles. The Debtor appeared by its attorney, George Duranske. The Security State Bank of Aitkin made no appearance, and the Court was advised by a telephone call from Attorney Jeffrey J. Haberkorn on October 13, 1983, that no appearance would be made and they would stand on the positions as set forth in the Bank's answer. By letter filed with the Court October 24, 1983, Commercial State Bank of St. Paul withdrew its answer. Further, a stipulation between the Debtor and the United States was filed with the Court October 24, 1983, in which the parties agreed that the United States would withdraw its answer provided Farmers Home Administration was treated as a separate class and as a fully secured creditor entitled to post-petition interest. The only parties then remaining at time of trial were the Debtor, Sara Bay Company, and the Defendant, Security State Bank of Aitkin.

With respect to the claim against the Bank, the Debtor at trial proceeded to introduce evidence via testimony of Leonard Jacobson, the President of Sara Bay, and through him two documents. The trial revolved around the fact of the Bank's mortgage and foreclosure action and whether there arose therefrom a secured status relative to the Debtor. Since there was no appearance made by the Defendant, there was no cross-examination nor any rebuttal evidence presented. Subsequent to the trial, the Plaintiff filed its post-trial memorandum, and the Bank followed by submitting its memorandum to which it attached numerous exhibits through which it intended to counter the Plaintiff's trial evidence and thereby succeed on the merits. On November 21, 1983, the Court received a letter from the Bank's attorney expressing surprise at the fact that the trial had taken into consideration matters concerning the validity of the Bank's mortgage. The Bank cannot claim to not have been amply aware of the probable elements of proof to be offered by the Plaintiff at trial. In its Complaint, the Plaintiff states the proceeding to be one arising from § 506 of the Code and that the very subject of the action was the valuation of the Bank's security. In the context of § 506, this means its value to the estate.

Section 506 of the Bankruptcy Code provides, in part:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim.

11 U.S.C. § 506(a). A determination under section 506 of the Bankruptcy Code necessarily involves determination of the estate's interest in the property which the creditor claims as collateral. At the hearing, Debtor admitted that the Defendants, Commercial State Bank and Thorp Credit, Inc., were fully secured by their collateral. Further, the Debtor and the United States have agreed that the claim of Farmers Home Administration is a fully secured claim. The Debtor introduced evidence at the hearing of the estate's interest in collateral claimed by Security State Bank of Aitkin. Leonard Jacobson, President of the Debtor, explained that a corporation, Mahl Properties, Inc., was formed for the purpose of owning certain properties. Mahl Properties, by special meeting of the stockholders of that corporation, resolved that its property would be assigned as collateral for a loan that the Security State Bank of Aitkin was to make to the Debtor (Exhibit No. 2). The minutes of that special meeting of stockholders of Mahl Properties clearly shows that Mahl Properties owned the property which was pledged as collateral to Security State Bank of Aitkin. From the record, it appears that Debtor's estate has no interest in the collateral pledged to Security State Bank of Aitkin. The obligation which the

Debtor owes to Security State Bank of Aitkin, therefore, must be determined an unsecured claim in these bankruptcy proceedings. The Court, in reaching this decision, did not consider any of the proffered exhibits attached to the Bank's Post-Trial Brief. Evidence is only such testimony or documents which have been duly received during the course of trial. The Bank was given timely notice of the trial date but elected to neither appear nor offer evidence. The Court will not consider such offer now. By this decision, the Court does not make any finding as to whether the Security State Bank of Aitkin had an enforceable guarantee arrangement with Mahl Properties, Inc.

Accordingly, IT IS ORDERED:

That whatever claim is allowed on behalf of Security State Bank of Aitkin pursuant to 11 U.S.C. § 502 is an unsecured claim in these bankruptcy proceedings.

That whatever claims of the remaining Defendants which are allowed pursuant to 11 U.S.C. § 502 are determined to be secured claims in these bankruptcy proceedings.