**AMINI INNOVATION CORPORATION, a California corporation, Plaintiff,**

v.

**KTY INTERNATIONAL MARKETING dba M Pacific Furniture, a California corporation, Fine Living Furniture, a California business entity, Collezione Europa USA, Inc., a New Jersey corporation, Tom's Farms, LLC, a California limited liability Company, and Does 1–9, inclusive, inclusive, Defendants.**

No. CV 07–4823 SVW (MANx).

United States District Court,
C.D. California.

March 1, 2011.

Daniel Miles Cislo, Mark D. Nielsen, Cislo and Thomas LLP, Santa Monica, CA, for Plaintiff.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT; JUDGMENT AGAINST DEFENDANT KTY INTERNATIONAL MARKETING dba M PACIFIC FURNITURE [50]

STEPHEN V. WILSON, District Judge.

## I. Introduction

On September 4, 2010, Plaintiff Amini Innovation Corporation ("Plaintiff" or "AICO") filed a motion for default judgment against Defendant KTY International Marketing dba M Pacific Furniture. The motion was originally set for a hearing on February 7, 2011. The Court found the matter suitable for resolution without oral argument. Local Rule 7–15.

For the reasons stated below, Plaintiff's Motion for Default Judgment against Defendant KTY International Marketing dba M Pacific Furniture is GRANTED IN PART. JUDGMENT SHALL BE ENTERED against Defendant KTY International Marketing dba M Pacific Furniture in the total amount of $176,427.66.

## II. Facts

Amini Innovation Corporation ("AICO") initiated this action against Collezione Europa U.S.A., Inc. ("Collezione"), KTY International Marketing dba M Pacific Furniture ("Defendant"), Fine Living Furniture ("FLF"), and Tom's Farms on July 26, 2007, alleging copyright infringement (Count I) and design patent infringement (Count II). AICO is a designer and marketer of home furnishings. Defendant is a distributor that allegedly, without AICO's permission, sold furniture that AICO believes to be within the scope its copyrights and design patents. Specifically, AICO alleges that Defendant was selling furniture that violated copyrights for its B40000 and D40000 collections, as well as its E6500 entertainment wall.

AICO properly served Defendant with a copy of the Summons and the Complaint on July 27, 2007. On August 27, 2007, the defendants moved to stay this action in favor of an earlier filed New Jersey action between AICO and Collezione. In support of the motion to stay, Defendant KTY agreed to be bound by the final judgment relating to Collezione's liability for infringement of AICO's copyrights and design patents, and on October 10, 2007, the Court granted the defendants' motion to stay the proceedings.

In early 2010, AICO and Collezione settled their dispute pursuant to a confidential settlement agreement, which included a dismissal of Collezione from the instant case. AICO subsequently filed a motion to lift the stay, which the Court granted on April 16, 2010.

Since April 16, 2010, AICO has attempted to communicate with Defendant on at least six separate occasions via letters containing settlement proposals for Defendant to consider. However, Defendant has not responded appropriately to any of AICO's settlement offers. Defendant's only responses involved phone calls, in which Tawny Lam, the Executive Vice President of Defendant, Lam Decl. I at ¶ 1, has repeatedly asserted that KTY is not a dba of M Pacific and that they are separate entities. Despite AICO's numerous requests for documentary evidence of Ms. Lam's assertion, Defendant has been non-responsive.

Default was entered against Defendant on September 9, 2010. AICO now moves the Court to grant Final Default Judgment against KTY.

AICO seeks a permanent injunction against Defendant from continuing infringement, $250,000,000 in statutory damages pursuant to 17 U.S.C. § 504(c)(2),$1,000 in statutory damages pursuant to 35 U.S.C. § 101, and $25,428.35 in attorneys' fees and costs.

## III. Analysis

### A. Legal Standard

 "A party seeking a default judgment must state a claim upon which it may recover." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D., 494, 498 (C.D.Cal.2003) (citing *PepsiCo Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172 (C.D.Cal.2002)). When reviewing a motion for default judgment, the Court must accept the well-pleaded allegations of the complaint relating to liability as true. *TeleVideo Systems Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir.1987). If the plain-

tiff is seeking money damages, however, the plaintiff must "prove-up" its damages. *See* SCHWARZER, TASHIMA, AND WAGSTAFFE, FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 6:81 (Rutter Group) (2009); Federal R. Civ. Proc. 55(b). The plaintiff is required to provide evidence of its damages, and the damages sought must not be different in kind or amount from those set forth in the complaint. *Philip Morris USA, Inc.*, 219 F.R.D. at 498. When "proving-up" damages, admissible evidence (including witness testimony) supporting ... damage calculations is usually required. *See* SCHWARZER, TASHIMA, AND WAGSTAFFE, FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 6:94.1 (Rutter Group) (2010) (citing *Stephenson v. El–Batrawi*, 524 F.3d 907, 917 (8th Cir.2008)).

■ The Ninth Circuit has enumerated seven factors that the Court should consider in deciding whether to grant default judgment: (1) the possibility of prejudice to the Plaintiff, (2) the merits of Plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *See Eitel v. McCool,* 782 F.2d 1470, 1471–72 (9th Cir.1986).

### B. Application

On balance, the Eitel factors weigh in favor of granting default judgment.

### 1. Possibility of Prejudice to Plaintiff

■ As the Defendant has not appeared in this action, a default judgment is the only means available for compensating Plaintiff for Defendants' violations under the Copyright Act of 1976 and the United States Patent Act. If the Court does not enter a default judgment, it will allow De-

fendant to avoid liability by not responding to Plaintiff's claims.

### 2. Merits of Plaintiff's Claims

As stated above, the Court must accept the well-pleaded allegations in the Complaint as true for purposes of a default judgment. As discussed in the next section, Plaintiff's Complaint is sufficient to succeed on the merits of these claims.

### 3. Sufficiency of the Complaint

■ Count I of Plaintiff's Complaint alleges that Defendant willfully infringed Plaintiff's copyrights under the Copyright Act of 1976. For its copyright infringement claim, Plaintiff must prove: (1) ownership of the copyright; and (2) that Defendant copied protected elements of AICO's work. *Smith v. Jackson,* 84 F.3d 1213, 1218 (9th Cir.1996). Absent direct evidence of copying, Plaintiff must demonstrate through fact based showings that Defendant had "access" to AICO's work and that the two works are "substantially similar." *Id.* Further, to show that Defendant infringed Plaintiff's copyrights willfully, Plaintiff must prove that Defendant knew that its conduct constituted an act of infringement. *Peer Int'l Corp. v. Pausa Records, Inc.,* 909 F.2d 1332 (9th Cir.1990) (finding that a showing of reckless disregard may also suffice).

AICO has satisfied the requirements for copyright infringement in its Complaint. AICO attached to its Complaint copyright registration certificates demonstrating that it owns valid copyrights for the furniture pieces at issue. Additionally, AICO alleges in the Complaint that Defendant copied the original elements of AICO's copyrighted works. Compl. ¶¶ 45, 47, 49, 58–60.

■ However, AICO's complaint has not adequately alleged that Defendant's copyright infringement was willful. AICO asserts the legal conclusion that Defendant

has "knowingly, willingly, and/or deliberately infringed, and/or acted in reckless disregard in infringing, AICO's copyrights," Compl. ¶ 60, but fails to provide any factual allegations regarding Defendant's knowledge, willfulness, or recklessness, which, if accepted as true, would entitle AICO to relief. *Warner Bros. Ent., Inc. v. Duhy*, 2009 U.S. Dist. LEXIS 123332, at \*4 (C.D.Cal. Nov. 30, 2009) (finding willfulness in a default judgment where plaintiff pled defendant's willfulness in its complaint and buttressed this assertion with evidence of defendant's knowledge of the unlawfulness of their actions); *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). AICO's allegation that Defendant had access to AICO's furniture designs, while necessary to support a finding of non-willful copyright infringement, is insufficient to satisfy the heightened standard of knowledge or reckless disregard for willful copyright infringement.[1] Thus, in light of *Warner Bros. Ent., Inc.* and *Iqbal,* Plaintiff fails to state a claim that is plausible on its face.

■ Count II of Plaintiff's Complaint alleges that Defendant has infringed Plaintiff's design patents under 35 U.S.C. § 101. In order to establish design patent infringement, AICO must prove that an ordinary observer familiar with the patented product would be deceived into believing that the accused product is the same as the patented design. *Egyptian Goddess, Inc. v. Swisa, Inc.,* 543 F.3d 665, 681 (Fed. Cir.2008).

AICO has satisfied the requirements to demonstrate design patent infringement in its Complaint. AICO has established that it held at all relevant times enforceable patents for each furniture design at issue. Compl. ¶ 64. AICO also alleges that Defendant has infringed its patents by "using, importing, offering to sell, and/or selling, and continuing to use, import, offer to sell and/or sell products that come within the scope" of AICO's patents. Compl. ¶ 65.

Moreover, when Defendant agreed to be bound by a judgment of the New Jersey action, Defendant accepted the statement of liability for infringement in the New Jersey court's judgment. In the judgment from the New Jersey action, AICO's copyrights and patents were determined to be valid and infringed. Therefore, AICO has properly alleged claims for copyright infringement and design patent infringement, and liability has been admitted by Defendant.

Thus, Plaintiff AICO has met the third *Eitel* factor for the counts of copyright infringement and design patent infringement alleged in the Complaint, but has failed to provide sufficient factual allegations to demonstrate that Defendant's copyright infringement was willful.

### 4. Sum of Money at Stake

■ Plaintiff seeks a total of no less than $251,000 in statutory damages, $250,000 for its claim of copyright infringement and $1,000 for its claim of design patent infringement. Plaintiff's request of

---

1. Further, although *Warner Bros. Ent. v. Duhy* suggests that a defendant's failure to defend gives rise to an inference of willfulness, such an inference was considered appropriate after the plaintiff provided evidence of defendant's knowledge that its conduct constituted infringement. *Duhy,* 2009 U.S. Dist. LEXIS 123332, at \*4. Here, no such factual allegation has been asserted by AICO.

$1,000 for design patent infringement is appropriate because it is a small sum and explicitly provided for under 35 U.S.C. § 101. However, Plaintiff's request for $250,000 in damages for copyright infringement is a large sum which, because Plaintiff failed to properly plead willful copyright infringement, exceeds the amount allowed for non-willful copyright infringement under the Copyright Act. Since statutory damages for copyright infringement are limited to $30,000 for each copyright registration, 17 U.S.C. 504(c), and Plaintiff has brought five claims of copyright infringement, Plaintiff may only receive a maximum of $151,000 for all of its claims. This sum does not appear to be disproportionately large given the value of the furniture sold by Plaintiffs. Moreover, as Plaintiffs point out, due to Defendants' lack of participation in this suit, they have been robbed of the opportunity to actually prove their damages, which may be much larger than statutory damages.

### 5. Possibility of Disputes Concerning Material Facts

The Defendant has not appeared in this action or asserted any defenses. Taking the allegations of the Complaint as true, there is no possibility of a dispute concerning material facts.

### 6. Whether Default was Due to Excusable Neglect

█ Plaintiff sent six separate letters to Defendant containing settlement offers, but Defendant failed to respond appropriately, and instead avoided Plaintiff's repeated requests for negotiation. All responses by Defendant to Plaintiff's letters consisted of phone calls by Ms. Lam claiming, in contradiction to her earlier declarations, that M Pacific is not a dba of KTY. When asked by Plaintiff's counsel twice to produce documentary evidence that M Pacific was not affiliated with KTY, Defen-

dant failed to respond. Considering Ms. Lam's statements made in her declaration stating that she is the Executive Vice President of Defendant KTY International Marketing, dba M Pacific Furniture, Lam Decl. I at ¶ 1, the fact that M Pacific and KTY share the same business address, and Defendant's failure to provide documentary evidence of such corporate independence, Ms. Lam's assertion that M Pacific and KTY are separate entities should not be entitled deference by the Court.

Thus, it appears Defendant has been avoiding Plaintiffs' *bona fide* attempts to initiate settlement negotiations and establish closure in the dispute. Defendant can show no excusable neglect.

### 7. Policy Favoring Decision on the Merits

█ The policy favoring resolution of the case on the merits always weighs against default judgment. On balance, however, the other *Eitel* factors outweigh the general policy in favor of a resolution on the merits. Further, there is no dispute that Defendant is aware of the proceedings against it. Initially, Defendant retained counsel and made an appearance in these proceedings for the purpose of filing a motion to stay the action. Moreover, Plaintiff sent letters to Defendant on at least six separate occasions requesting that Defendant consider Plaintiff's settlement proposal, but still not received a written response. Thus, Defendant has had an adequate opportunity to defend itself in this action or otherwise respond to Plaintiff's offers of settlement.

### C. Requested Relief

### 1. Permanent Injunction Barring Further Infringement

AICO seeks a permanent injunction against Defendants, enjoining them from all future sales of infringing products.

For reasons set forth below, the Court GRANTS this requested relief.

The Copyright Act allows a court to grant an injunction in addition to monetary remedies "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). Courts have granted injunctive relief even in situations of default. *Lifted Research Group, Inc. v. Salem,* Case No. C–08–4497 SC, 2009 WL 1371416 at \*1 (N.D.Cal. May 15, 2009); *Jackson v. Sturkie,* 255 F.Supp.2d 1096, 1103 (N.D.Cal.2003).

■■■ Under Supreme Court precedent, a permanent injunction does not automatically follow a determination of patent infringement under the Patent Act, but a four-part test must be met. *eBay, Inc. v. MercExchange, LLC,* 547 U.S. 388, 393–94, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006). Plaintiff must demonstrate (1) irreparable harm; (2) lack of adequate remedies at law; (3) the balance of hardships weighs in its favor; and (4) the injunction is in the public's interest. *Id.* at 392–93, 126 S.Ct. 1837. By analogy in this action for infringement arising under the Copyright Act and 35 U.S.C. § 101, equity also requires the granting of an injunction under the *eBay* factors.

### (1) Irreparable Harm

■■■ AICO's Complaint and substantiated evidence shows that Defendant has sold furniture that infringes AICO's copyrights and patents. Because Defendant has failed to respond to the Complaint, it is not possible to determine with certainty whether Defendant is continuing to sell the infringing products or, if Defendant has presently stopped, whether it will resume selling the infringing products in the future. However, without the Court's issuance of an injunction, the continued sale of such furniture by Defendant will result in lost sales to AICO and would damage the goodwill in which AICO has greatly invested.

### (2) Inadequate Remedies at Law

As Defendants have failed to participate in this litigation, AICO cannot adequately determine its damages. Moreover, AICO's damages would be difficult to value due to the unknown impact on AICO's goodwill.

### (3) Balance of Hardships

Defendant faces no hardship in refraining from its infringement of AICO's patents and copyrighted works, whereas AICO faces loss of sales and damage to its reputation.

### (4) Public Interest

The public interest also weighs in favor of an injunction. Defendant is actively representing certain furniture designs as its own and receiving revenues from their creation that rightfully belong to Plaintiff. Allowing such infringement of intellectual property discourages future innovation by failing to provide an adequate forum through which individuals and corporations can protect their own ideas.

### 2. Statutory Damages

### (1) Statutory Damages for Copyright Infringement (Count I)

Section 504(c) of the Copyright Act, 17 U.S.C. § 504(c), provides that a copyright owner may elect statutory damages in addition to injunctive relief for a sum of not less than $750.00 and not more than $30,000.00 as the court considers just. 17 U.S.C. 504(c). If the infringement was committed willfully, the court may increase the award to a sum of not more than $150,000. *Id.*

The Court has determined, as a virtue of Defendant's default and the evidence presented, that Defendant is liable for copyright and trademark infringement. How-

ever, the Court has also determined that the evidence presented is insufficient to show that the copyright infringement occurred willfully. Defendant saved an average of $25,000 in creation and development costs for each of the copyrighted works. Supplemental Nielson Decl. at ¶¶ 3–5. Additionally, due to a lack of discovery from KTY, revenues lost by AICO are indeterminable. However, given the cache that AICO has worked to create, Supplemental Nielsen Decl. at ¶ 6, the mere presence of knockoffs in the market likely had deleterious effects on AICO's ability to sell its products. Ploy Decl. at ¶¶ 3–8. Thus, the Court finds that damages of $30,000 per each of the five infringed works, for a total of $150,000, to be appropriate.

### (2) Statutory Damages for Design Patent Infringement (Count II)

Title 35 Section 289 of 35 U.S.C. § 289(2) provides that an individual who impermissibly utilizes a patented article for sale or exposure for sale, such individual is liable to the owner to the extent of his total profit, but not less than $250.00.

Here, AICO does not have access to Defendant's profit information and thus requests the minimum award of $250.00 for each of the four design patents that Defendant infringed. The Court finds AICO's request for the statutory minimum of $250.00 per each of the four infringed patents, for a total amount of $1,000.00, to be appropriate.

### 3. Attorneys Fees and Costs

■ AICO seeks $25,081.00 in attorneys' fees. The attorneys charge hourly rates of $300.00 or $330.00 per hour for a total of 160.95 hours. Nielson Decl. at Exh. L. AICO also seeks and $346.66 in costs, which were incurred in connection with filing the complaint, document copying costs related to serving the complaint, and legal research costs regarding the case. Attorneys' Fees and Costs of the action are recoverable under 17 U.S.C. § 505 and 35 U.S.C. § 285. The Court finds that an award of attorneys' fees and costs is appropriate in this case.

### IV. CONCLUSION AND JUDGMENT

As set forth under this Order, the Court hereby enters final default judgment against Defendants, finding them liable on the Counts of Copyright Infringement and Design Patent Infringement.

The Court awards Amini Innovation Corporation the following damages against Defendant:

(1) $150,000 in statutory damages pursuant to 17 U.S.C. § 504;

(2) $1000.00 in statutory damages pursuant to 35 U.S.C. § 101;

(3) $25,081.00 in attorneys' fees; and

(4) costs in the amount of $346.66.

Also, Defendant and any facilitators shall promptly cease to engage in the sale of infringing goods protected by the AICO's copyrights and design patents at issue in this case.

IT IS SO ORDERED.