IN RE: Keith Laverne JEWELL, Susan Renee Jewell, Debtors

State of Indiana on the relation of the Indiana Department of Workforce Development, Plaintiff

v.

Keith Laverne Jewell, Defendant

CASE NO. 15–11251
PROC. NO. 15–1101

United States Bankruptcy Court, N.D. Indiana, Fort Wayne Division.

Signed June 30, 2016

Heather M. Crockett, Maricel Elaine Villacampa Skiles, Office of the Attorney General, Indianapolis, IN, for Plaintiff.

Holly M. Ripke, Fort Wayne, IN, for Defendant.

Keith Laverne Jewell, Fort Wayne, IN, pro se.

### DECISION AND ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Robert E. Grant, Chief Judge, United States Bankruptcy Court

When a claim is based upon a writing, such as a contract, promissory

note or guaranty, it is customary to attach a copy of the document to the plaintiff's complaint.[1] "Pleading by exhibit" refers to the practice of attaching copies of other things to the complaint, such as photographs, reports, articles, letters, etc., that are not the basis of the claim, as a way of supplementing or substantiating the complaint's allegations. *Perkins v. Silverstein*, 939 F.2d 463, 467 (7th Cir.1991). Although criticized, *see e.g., U.S. v. Erie County, N.Y.*, 724 F.Supp.2d 357, 367 (W.D.N.Y.2010); *Schaefer v. Rowland*, 2015 WL 6083081 *4 (E.D.Cal.2015); *Pogue v. Yates*, 2008 WL 220138 (E.D.Cal. 2008); *Matter of Conklin*, 2010 Bankr.LEXIS 3257 (Bankr.N.D.Ind.2010), the practice persists because it succeeds. Through an expansive interpretation of the term "instrument" in Rule 10(c), Fed. R. Civ P. Rule 10(c), anything attached to a complaint becomes a part of it and those attachments may save an otherwise deficient complaint from dismissal, at least in the sense that the complaint contains enough information to give the defendant fair notice of the plaintiff's claim. *See, Erie County*, 724 F.Supp.2d at 372–73; *Johnson v. Walker*, 199 F.Supp. 86, 92 (E.D.La.1961); *Elektra Entertainment Group, Inc. v. Perez*, 2006 WL 3063493 *2 (D.Or.2006); *Collins v. Allen*, 2005 WL 1073369 *2 (S.D.Ohio 2005). *See also, Ind. Dept. of Workforce Development v. Washington*, 2016 Bankr.LEXIS 1864 (Bankr. N.D.Ind.2016); *Conklin*, 2010 Bankr.LEXIS 3257. As this case demonstrates, however, that does not mean the complaint alleges all the facts necessary to make out the plaintiff's case.

■ The plaintiff claims the debtor falsely represented his eligibility for unemployment benefits. As a result, it seeks to recover everything it paid, together with penalties, along with a declaration that the debt is non-dischargeable due, in part, to the debtor's false pretenses, false representations, or actual fraud. 11 U.S.C. § 523(a)(2)(A). The essence of a claim under § 523(a)(2)(A) is the intent to deceive. *See, Husky International Electronics, Inc. v. Ritz*, —— U.S. ——, 136 S.Ct. 1581, 194 L.Ed.2d 655 (2016); *McClellan v. Cantrell*, 217 F.3d 890, 893–94 (7th Cir. 2000). It may not require a representation or reliance on the part of the plaintiff; but it does require an actual intent to defraud on the part of the defendant. It is this actual intent that distinguishes the fraud condemned by § 523(a)(2)(A) from negligence, imprudence, stupidity, or some other innocent error. *See, McClellan*, 217 F.3d at 894; *Palmacci v. Umpierrez*, 121 F.3d 781, 788 (1st Cir.1997); *New Hampshire Department of Employment Security v. Searle*, 2014 WL 1407308 *5 (Bankr. N.H.2014).

The defendant did not respond to the complaint and the plaintiff eventually filed a motion for default judgment. The court scheduled the motion for a hearing because it had concerns about the sufficiency of the allegations in the complaint and inconsistencies between some of the allegations and the exhibits attached to the complaint. It wanted the plaintiff to better explain the situation and have the opportunity to offer additional evidence in support of its claim. *See*, Fed. R. Civ.P. Rule 55(b)(2)(C) (court may hold a hearing before entering a default judgment to "establish the truth of any allegation by evidence."). At the hearing, the plaintiff presented evidence concerning its internal procedures and methods of operation, but no evidence specific to this particular defendant, and after the hearing the plaintiff was given the opportunity to submit a brief directed to the issues raised by its

1. Some jurisdictions require the plaintiff to do so. *See e.g.*, Ind. Trial Rule 9.2(A).

motion.[2] The matter is before the court to consider the motion and whether plaintiff is entitled to the entry of judgment by default.

A default judgment is not a matter of right. *See e.g., J & J Sports Productions, Inc. v. Kotsopoulos*, 2015 WL 5730343 (N.D.Ind.2015); *Sims v. Johnson*, 2011 WL 839671 *2 (N.D.Ind.2011); *Abdul–Wadood v. Wright*, 1995 WL 905228 (N.D.Ind.1995). It is a matter committed to the court's discretion. *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1322 (7th Cir.1983); *Duling v. Markun*, 231 F.2d 833, 836 (7th Cir.1956). A defendant's failure to respond to a complaint against it does not mean that the plaintiff is entitled to the relief it seeks. *Nishimatsu Constr. Co. Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975). Instead, the default is nothing more than an admission of the well pleaded factual allegations contained in the complaint. *Id.* Those allegations must still state a legitimate claim for relief before the plaintiff is entitled to the entry of judgment in its favor. *Id. See also, Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir.1994); *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir.1989); *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir.1983); *Owens v. Layton*, 1995 WL 803822 * 4 (N.D.Ind. 1995).

So, the court's present task is to examine the plaintiff's allegations and determine whether they state a viable claim for fraud so that the entry of judgment based upon them would be appropriate.

*See, Weft, Inc. v. G.C. Inv. Associates*, 630 F.Supp. 1138, 1141 (E.D.N.C.1986), aff'd sub nom *Weft, Inc. v. Georgaide*, 822 F.2d 56 (4th Cir.1987). *See also, Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980) (affirming trial court's denial of motion for default judgment and sua sponte dismissal due to the complaint's failure to state a claim for relief). Although well pleaded facts are deemed admitted by the defendant's default, the converse is also true: the default does not admit facts that are not well pleaded. *Nishimatsu*, 515 F.2d at 1206; *Directv Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir.2007); *In re Schulman*, 196 B.R. 688, 692 (Bankr.S.D.N.Y. 1996) ("necessary facts not contained in the pleadings and claims which are legally insufficient are not established by default"). Facts not established by the pleadings and claims that are not well pleaded cannot support a default judgment. *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir.1978). This is where the shortcomings of pleading by exhibit begin to become apparent. Although extraneous exhibits may be considered part of the complaint, and their contents save an otherwise deficient complaint from dismissal, the information they contain is not part of the complaint's well pleaded allegations of fact and that information is not part of the facts deemed to have been admitted by a defendant's default. *Hoover Equipment Co. v. Smith*, 198 Kan. 127, 422 P.2d 914, 918–19 (1967) *citing, Caterpillar Tractor Co. v. International Harvester Co.*, 106 F.2d 769 (9th Cir.1939). The only allegations a defendant must admit or deny are those contained in the body of the com-

**2.** Plaintiff's post hearing brief is accompanied by seven exhibits, sixty-two pages worth, which were not offered into evidence at the hearing itself. This is not proper. *Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989); *In re Smith*, 296 B.R. 46, 53–54 (Bankr.M.D.Ala.2003); *In re Sara Bay Co.*, 35 B.R. 623, 625 (Bankr.D.Minn.1983). *See also, Aptus Co. v. U.S.*, 62 Fed.Cl. 808, 811 (2004) (the purpose of the post-trial brief is to allow the parties an opportunity to argue their respective positions in light of evidence adduced at trial).

plaint itself. *See, Erie County*, 724 F.Supp. at 367 ("a defendant is not required to admit or deny the content of an exhibit"); Fed. R. Civ. P. Rule 8(b)(1)(B), (2). Consequently, for the purposes of determining whether plaintiff is entitled to the entry of judgment by default, the only facts the court has to work with are the undenied allegations in the complaint, the evidence received at the hearing on the motion, and in the affidavit of indebtedness attached to the motion. Facts that may appear in the exhibits attached to the complaint may be ignored to the extent they are not alleged in the body of the complaint itself. *Hoover*, 422 P.2d at 919 (exhibits cannot be substituted for necessary allegations); *Schaefer*, 2015 WL 6083081 *4 (while a plaintiff may refer to attached exhibits pertinent factual allegations should be set forth in the complaint); *Pogue v. Yates*, 2008 WL 220138 *2 (E.D.Cal. 2008) (the court does not wade through exhibits, the factual allegations in the complaint determine whether the plaintiff has a cognizable claim).

■ Paragraphs 1–3 allege jurisdiction and venue. Paragraphs 4 and 5 identify the parties. The allegations that form the meat of plaintiff's claim begin at paragraph 6, which alleges the defendant applied for and received unemployment benefits.

Paragraph 7 alleges that for the "benefit year" ending March 31, 2012[3] the defendant applied for benefits for "one or more weeks" and in doing so certified that (a) he had reported any and all earnings and self employment activity, (b) given only true and accurate information in the application, and (c) reported anything that interfered with his ability to work full time.

Paragraph 8 alleges that a subsequent investigation by the plaintiff determined the defendant had failed to disclose material facts which would have made him ineligible for benefits or eligible only for reduced benefits, because he had either not reported or under reported earnings.[4]

Paragraph 9 alleges the defendant was employed by and received wages from Temporary Solutions, Inc. for the week of June 25, 2011.

Paragraph 10 alleges the defendant was employed by and received wages from Prestige Delivery Systems during the weeks of July 2, 2011 to July 21, 2012.

Paragraphs 11 and 12 allege the plaintiff paid the defendant benefits for the "benefit year" ending March 31, 2012.

Paragraphs 13–15 allege the plaintiff is entitled to recover escalating penalties based upon a percentage of any overpayment and that penalties were incurred.

Paragraph 16 alleges that the plaintiff is entitled to recover interest on the overpayments.

Paragraph 17 alleges the plaintiff seeks a declaration of nondischargeability and paragraph 18 alleges that the total amount due is $20,246.00. The complaint then closes with a prayer for the entry of a money judgment in that amount and a declaration that it is nondischargeable.

What is missing is that nowhere in these allegations is there any reference to the

---

3. "Benefit year" is a term or art referring to the time during which benefits can be received and ends 52 weeks after the application is first submitted. But a benefit year can extend beyond those 52 weeks if the applicant also seeks emergency benefits. In this case, the benefit year ending March 31, 2012 (52 weeks after the defendant's first application) actually ends in July 2012 (63 weeks after that application was submitted). This is the reason for the disparity in dates between paragraph 7 and paragraphs 10, 11 and 12.

4. That determination does not operate as collateral estoppel in this case. *In re Washington*, 547 B.R. 802 (Bankr.N.D.Ind.2016).

174

defendant's state of mind. *See*, Fed. R. Civ. P. Rule 9(b). There are no allegations that the defendant acted with any intent to deceive, and complaints alleging fraud must sufficiently allege that intent. *Graue Mill Development Co. v. Colonial Bank & Trust Co.*, 927 F.2d 988, 992 (7th Cir.1991). *See also, Amini Innovation Corp. v. KTY International Marketing*, 768 F.Supp.2d 1049, 1054–55 (C.D.Cal.2011). Accepting everything the plaintiff says as true, the complaint alleges only that the defendant failed disclose material facts; nothing in it indicates that failure was anything more than a simple mistake, negligence or some other type of non-fraudulent error. Since there are no facts and no allegations indicating the defendant acted with the required intent to deceive, Plaintiff's motion for default judgment is DENIED. *In re Fuentes*, 474 B.R. 497, 500 (Bankr.S.D.Tex.2012)(default judgment may be denied where the complaint is insufficient.)

SO ORDERED.